IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


SANDSHAKER LOUNGE & PACKAGE STORE, LLC,
a Florida limited liability company,

      Plaintiff,                       CASE NO.:  3:17-cv-686

v.

RKR BEVERAGE, INC., a Florida corporation,
ALOHA SCREEN PRINTING, LLC, CHAD
K. ROBELLO, and RODNEY L. ROBELLO,

      Defendants.
_____/


**DEFENDANTS RKR BEVERAGE, INC. AND CHAD ROBELLO'S
<u>MOTION FOR ATTORNEY'S FEES</u>**


      Defendants RKR Beverage, Inc and Chad Robello move this Court for an order seeking a determination of entitlement to attorney's fees as the prevailing party following Plaintiff's voluntary dismissal of Count IV of the Complaint sounding in dilution under Section 495.151 and in support of the Motion would state:

      This is a trademark claim brought by a lounge (The Sandshaker or Shaker) against a nearby local bar (The Shaka

Bar) operated by RKR Beverage. After RKR filed a motion to dismiss, Plaintiff filed a voluntary dismissal of Count IV for dilution under §495.151, Fla. Stat.

Section 495.151(2) provides in part:

> In an action [for dilution ] brought under this section, the owner of a famous mark shall be entitled only to injunctive relief in this state unless the person against whom the injunctive relief is sought willfully intended to trade on the owner's reputation or to cause dilution of the famous mark. If such willful intent is proven, and the mark is registered in this state, **the owner shall also be entitled to all remedies set forth in this chapte**r, subject to the discretion of the court and the principles of equity.

Section 495.141 Remedies - provides in relevant part

> "the court may also award reasonable attorney's fees to the prevailing party according to the circumstances of the case.

Section 495.141 provides for attorney's fees to the prevailing for claims brought under §495.151. The Plaintiff has now twice dismissed the claims for dilution under Chapter 495.151. The first voluntary dismissal came in the state court on September 15, 2017 after two years of litigation entry of a trial order and attendant discovery. See Request for Judicial Notice [dkt 15].  Count IV of the Complaint brought under Section 495.151 in this Court was voluntarily dismissed for a second time on November 27,

2017 [dkt 25] after the Defendants had drafted and served a motion to dismiss Count IV and other claims. [dkt 14].

The Defendants RKR and Chad Robello have defeated the dilution claim under §495.151 in two forums. These Defendants should be deemed the prevailing party on the claim for dilution under 495.151. Because the "Remedies" provision provides for prevailing party attorney's fees, Defendants seek an order of entitlement to attorney's fees with the amount and reasonableness of the fees to be determine by separate motion, affidavit or hearing. The fees sought include all of the efforts to defeat the dilution claim in state court for a period of two years and the time spent for research, review and drafting the motion to dismiss in this federal action. The court is permitted to award attorney's fees "according to the circumstances of the case". § 495.141, Fla. Stat. This is a statutory grant of discretionary authority to prevent frivolous claims and defenses. Here the Plaintiff has done nothing but burden the Defendant with a cause of action in which it apparently had no faith nor desire to prosecute when tested. Some modicum of judgment, analysis and intellectual integrity is warranted before filing claims in federal court. While movant could not find case law expressly declaring the purpose of the "prevailing party" attorney's fee provision found in Section 495.141, analogous language in other contexts

is well known and is designed to discourage frivolous claims and defenses, and to make litigants whole. See e.g., *Bush v Raytheon*, 2010 US. Dist. LEXIS 51283 (M.D. Fla. 2010)(court awarded attorney's fees to defendant for successfully defeating whistleblower claim noting that attorney's fees promote the remedial purpose of the act by discouraging meritless claims).

A second dismissal in state court or federal court is by rule one had with prejudice and tantamount to a victory on the merits. Rule 41(a)(1)(B); *Victory Int'l United States, LLC v Perry Ellis Int'l, Inc.*, 2009 U.S. Dist. LEXIS 134890 (S. D. Fla. 2009) (awarding attorney's fees to defendant in FDUTPA case). The second voluntary dismissal is the product of procedural vexatiousness and bad lawyering which should not be tolerated. The Plaintiff was implored to dismiss the claims in state court, urged to do so in the Motion to Dismiss filed here and then finally after several years of litigation in state court [dkt 15] ultimately relents only when it becomes incumbent upon the Plaintiff to defend the dilution claim in a federal court well familiar with dilution law and pleading standards.  There was never a valid dilution claim because the Plaintiff was not famous and there were no allegations of fact to support dilution by tarnishment or blurring.

While the undersigned could not locate a holding specifically addressing the intent of the prevailing party language in Section 495.141,

voluntary dismissals will support an award of attorney's fees for example, against an insurer which files a voluntary dismissal under Section 627.428, Fla. Stat.,  to a defendant after a voluntary dismissal of a FDUTPA claim (*Victory Int'l, supra*)  and in Title VII litigation. See e.g.,  *CRST  Van Expedited, Inc. v EEOC*, 136 S. Ct. 1642, 1651-52 ("there is no indication that Congress intended that defendants should be eligible to recover attorney's fees only when courts dispose of claims on the merits");  State law provides for an award of fees to a defendant following a voluntary dismissal where there are contractual prevailing party provisions. See e.g., *Parra v Minto Townpark, LLC*, 2009 U.S. Dist. LEXIS 81227 (S. D. Fla. 2009); *Bank of New York v. Williams*, 979 So. 2d 347 (Fla. 1st DCA 2008); *Nudal v. Flagstar Bank, FSB*, 60 So. 3d 1163 (Fla. 4th DCA 2011)(§57.105 fees); *Valcarcel, v. Chase Bank*, USA N.A., 54 So. 3d 989 (Fla. 4th DCA 2011)(same). Rule 41(a)(1)(B) renders the second voluntary dismissal of the dilution claim the equivalent of dismissal on the merits. The movant seeks an order of entitlement with fees for the time spent defeating the dilution claim in state and federal court with the amount to be determined by later hearing prior to final judgment.

## Certificate of Good Faith

Pursuant to local rule the undersigned certifies that the undersigned counsel contacted counsel for Plaintiff on November 28th prior to service of this motion in an effort to resolve the issues raised by this motion.

## Certificate of Word Count

The undersigned certifies the total word count for this motion is 1,244 words.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.A.


By:   /s/ David W. Henry
      DAVID W. HENRY, ESQUIRE
      Florida Bar No.: 765082
      Landmark Center One
      315 E. Robinson Street, Suite 550
      Orlando, FL 32801-2719
      Telephone: 407-420-4380
      Telecopier: 407-839-3008
      E-mail: dwhenry@mdwcg.com
              jataylor@mdwcg.com
      Attorney for Defendants,
      RKR Beverage, Inc. and Chad Robello


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2017, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which

will send a copy of the Notice of Electronic Filing to the following: **Robert O. Beasley, Esquire**, Litvak, Beasley, Wilson & Ball, LLP, 226 East Government Street, Pensacola, FL 32502, **rob@lawpensacola.com; joy@lawpensacola.com**; **Michael K. Kiernan, Esquire and Ashley K. Kellgren, Esquire,** Traub Lieberman Straus & Shrewsberry, LLP, First Central Tower, 360 Central Ave., Suite 1000, St. Petersburg, FL 33701, **mkiernan@traublieberman.com; akellgren@traublieberman.com**.

/s/ David W. Henry
Attorney for Defendants,
RKR Beverage, Inc. and Chad Robello