## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**SANDSHAKER LOUNGE &**
**PACKAGE STORE, LLC,**
**a Florida limited liability company,**

      **Plaintiff,**                           **CASE NO: 3:17-cv-686**

**v.**

**RKR BEVERAGE, INC.**
**a Florida corporation, ALOHA SCREEN PRINTING, LLC**
**CHAD K. ROBELLO, and RODNEY L. ROBELLO,**
      **Defendants.**
_____/

## FIRST AMENDED COMPLAINT

      **COMES NOW** the Plaintiff, Sandshaker Lounge & Package Store, LLC (hereinafter "Sandshaker"), by and through its undersigned counsel, brings this First Amended Cmplaint against the Defendants, RKR Beverage, Inc. (hereinafter "RKR"), ALOHA SCREEN PRINTING, LLC (hereinafter "Aloha Printing"), CHAD K. ROBELLO (hereinafter "C. Robello"), and RODNEY L. ROBELLO (hereinafter "R. Robello") (collectively "Defendants") and alleges:

## Jurisdiction

      1.    This action arises under the Trademark Laws of the United States, 15 U.S.C. §1051, et seq (The Lanham Act).

2.     This Court has original jurisdiction pursuant 28 U.S.C. §§1331 and 1338(a).

3.     This Court has supplemental jurisdiction over any related state and common law claims pursuant to 28 U.S.C. §1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## General Allegations

5.     Plaintiff, Sandshaker, is a Florida limited liability company with its principal place of business at 731 Pensacola Beach Boulevard, Pensacola Beach, Florida 32561.

6.     Sandshaker is a bar on Pensacola Beach, Florida which has been in existence since at least 1973.  Sandshaker is commonly referred to as "The Shaker Bar" among local residents and tourists.

7.     During the over forty (40) years of running the bar, the original owners and Plaintiffs have invested extensive capital in building the goodwill of the business and an association with the various trade names and marks.

8.     The trade names "Sandshaker" and "The Shaker" have been commonly used by the public in the area in referring to Plaintiff's bar. These trade names, and the associated logos and trade dress, have become famous

and associated with the Plaintiff.

9.     As a result of advertising efforts and the accumulation of a large local patronage, the Sandshaker is commonly referred to as "The Shaker Bar" in the community it serves.

10.     Plaintiff has used the name "Shaker" and specifically "The Shaker Bar" in reference to its bar operations in advertising materials and other publications. An example of this use is attached hereto as **Exhibit A**.

11.     On November 18, 2014, Sandshaker received the USPTO trade mark name registration (Registration # 4,641,385) for "Shaker" as it relates to the categories of a retail package store and live music events., a copy of which is attached hereto as **Exhibit B.**

12.     Defendant RKR is a Florida corporation which operates two places of business located at 649 Pensacola Beach Blvd., Pensacola Beach, Florida 32561 and 2631 Gulf Breeze Parkway, Gulf Breeze, FL 32561 under the trade name "Aloha Wine & Liquor."

13.     Defendant RKR also operates, either as part of the Aloha Wine Liquor store on Pensacola Beach or separately a bar named "The Shaka Bar."

14.     RKR advertises for "The Shaka Bar" on the website for Aloha Wine & Liquor.

15.    C. Robello, the Vice President and Director of RKR, registered the fictitious name "The Shaka Bar" with the Florida Secretary of State on May 29, 2013.

16.    "The Shaka Bar" opened for business on the premises leased by RKR on Pensacola Beach, Florida sometime after May 29, 2013.  Plaintiff became aware of the use of the name by RKR sometime in 2015.

17.    R. Robello is the President and Director of Defendant RKR and is in direct control of RKR and "The Shaka Bar."

18.    C. Robello is the brother of R. Robello and is also in direct control of RKR and "The Shaka Bar," to include any and all advertising and marketing.

19.    Defendant Aloha Printing, is a Florida corporation with its principal place of business located at 2635 Gulf Breeze Parkway, Gulf Breeze, Florida 32561 and is owned, operated and controlled by C. Robello and R. Robello.

20.    C.Robello and R.Robello use Aloha Printing to produce advertising materials for Aloha Wine & Liquor and "The Shaka Bar."

21.    C.Robello and R. Robello use the marquee and signage at the location shared by Aloha Printing and Aloha Wine & Liquor in Gulf Breeze, Florida to advertise and promote "The Shaka Bar."

22.    C.Robello and R. Robello use the marquee and signage for Aloha Wine & Liquor on Pensacola Beach to advertise and promote "The Shaka Bar."

23.    C.Robello and R. Robello are long standing residents of Pensacola and Pensacola Beach Florida and were aware of the advertisement by Sandshaker under the name "The Shaker Bar" and the fact that Sandshaker had developed a reputation and identity in the community under this trade name.

24.    Prior to opening "The Shaka Bar," the Defendants were aware that the Sandshaker had advertised its business under the name "The Shaker Bar" in magazines, newspapers, events and signage, to include billboards along interstate I-10.

25.    Prior to use of the mark "The Shaka Bar" by the Defendants, Plaintiff had acquired identity rights in the mark and had obtained a Registration of the mark in the same category as the Defendant's business.

26.    The bar opened by Defendants under the name "The Shaka Bar" is less than one mile from the location of the Plaintiff's bar.  To the advantage of the Defendant, its location is closer in proximity and "upstream" of the traffic entering Pensacola Beach from the toll bridge, allowing the first opportunity to attract confused consumers.

27.   Defendants knew of the monetary value of Plaintiff's trade name, trade dress and logo, and also knew that a simulation of this trade name or use of the principal words in the trade name would confuse and deceive the public into believing that the persons using a similar name in advertising were, in reality, the Plaintiffs.

28.   In spite of this knowledge, Defendants conceived a scheme of simulating Plaintiff's tradename to confuse and deceive the public into believing that the bar owned by the Defendant was associated with the Plaintiff's. This scheme included holding similar simultaneous events as the Plaintiff in order to capture potential customers who otherwise would have gone to the event held by the Plaintiff.  This scheme also included obtaining a phone number which was similar and just one digit different than the phone number for the Sandshaker.

29.   The Defendants employed their own sign company, Aloha Printing, to develop a logo, signage, t-shirts, and other merchandise designed to be appear similar to the logo and marks used by the Plaintiff.

30.   The trade name and trade dress of Defendants "The Shaka Bar" is so similar to Plaintiff's trade name, "The Shaker Bar" it is almost indistinguishable. When pronounced in local parlance, the two names sound identical.

31.    The business of the Defendant RKR, a package store with bar, is identical in nature to, and directly competitive with Sandshaker.

32.    The deceptive practices of the Defendant have in fact misled consumers.    On multiple occasions customers have illustrated their confusion by: (1) asking for drinks they had at the "other Shaker Bar;" (2) asking if their customer discount from the "other Shaker Bar" applied to the Plaintiff's location and (3) generally referring to the two different businesses as being related.

33.    The Defendants continually publish "The Shaka Bar" to promote its business with a look and dress that is designed to specifically target the business of the Plaintiff.  **See Exhibit C.**

34.    The Defendants prey on the good will and patronage of the Plaintiff's customer 40-year base by mimicking and outright copying events of the Plaintiff.  **See Composite Exhibit D**.

35.    The Defendants have specifically targeted the business of the Plaintiff by attempting to influence event sponsors not use the business of the Plaintiff.

36.    In addition, the Defendants have used advertising, Facebook and other social media to foster negative publicity to include disparaging and defamatory remarks against the business and owners of the Plaintiff for the

purpose of causing economic injury to the Plaintiff and enhancing its own sales.

37.    Plaintiff, by and through its attorney, made a demand on the Defendants to cease and desist the advertisement of the infringement but the Defendant ignored these demands.  **See Exhibit E**. Instead, Defendants have engaged in defamatory behavior on their social media pages and elicited disparaging statements from the general public about the Plaintiff.  **See composite Exhibit F**.

38.    The Defendants initiated a "Defend the The Shaka Bar" campaign on Facebook and other social media and invited their friends and supporters to publish derogatory and untrue statements about the Plaintiff, its business practices and its owners.  The hosting of this forum and inviting of defamatory comments is part of the scheme of the Defendants to interfere with the business of the Plaintiff and consequently increase their own notoriety and business.

39.    The acts of the Defendants, acting in concert with each other, constitute a willful and malicious effort to harm the business reputation of the Plaintiff and cause economic injury in addition to increasing the revenues of the Defendants business at "The Shaka Bar."

40.    Plaintiff has hired the law firm of Litvak Beasley Wilson &

Ball, LLP to represent its interest in this action and is obligated to pay a reasonable attorney's fees.  Plaintiff seeks an award of these fees, plus any awardable costs, from the Defendants.

## COUNT I

41.   Plaintiff realleges paragraphs 1-40 above and further alleges:

42.   This is an action for trademark infringement pursuant to 15 U.S.C.A. §1114.

43.   Plaintiff has acquired trademark rights in the mark "The Shaker Bar" through advertisement and use in commerce.   These rights were acquired as a matter of use in commerce prior to the use by the Defendants of a deceptively similar and confusing mark.

44.   Plaintiff has attempted to protect its rights by obtaining a Registration of the mark and by taking action against the Defendants to prevent their use of a substantially similar mark in the same area and market.

45.   The Defendants RKR, C.Robello and R.Robello have created and are using in commerce a mark which is substantially similar to the mark of the Plaintiff without the express permission of the Plaintiff.

46.   The use of "The Shaka Bar" is a counterfeit of the Plaintiffs mark "The Shaker Bar."

47.     The Plaintiff has documented actual confusion over the origin, association and ownership of the two marks.

48.     Defendant Aloha Printing is liable to the Plaintiff for its contributory infringement by participating in the infringing activities with actual knowledge.

49.     Plaintiff has been damaged and continues to be damaged by the infringement of the Defendants.

**WHEREFORE,** Plaintiff hereby requests judgment against Defendants for damages, to include the disgorgement of profits made by the Defendants, and treble damages, together with attorney's fees and costs and any such other and further relief as the Court may deem proper.

## COUNT II

50.     Plaintiff realleges paragraphs 1-40 above and further alleges:

51.     Plaintiff owns or holds rights to valid trademarks entitled to protection under common law.

52.     Plaintiff has acquired trademark rights in the mark "The Shaker Bar" through advertisement and use in commerce.   These rights were acquired as a matter of use in commerce prior to the use by the Defendants of a deceptively similar and confusing mark.

53.     Plaintiff has attempted to protect its rights by taking action against the Defendants to prevent their use of a substantially similar mark in the same area and market.

54.     The Defendants RKR, C.Robello and R.Robello have created and are using in commerce a mark which is substantially similar to the mark of the Plaintiff without the express permission of the Plaintiff.

55.     The Plaintiff has documented actual confusion over the origin, association and ownership of the two marks by its customers and potential.

56.     Defendant Aloha Printing is liable to the Plaintiff for its contributory infringement by participating in the infringing activities with actual knowledge.

57.     Plaintiff has been damaged and continues to be damaged by the infringement of the Defendants.

**WHEREFORE**, Plaintiff hereby requests judgment against Defendants for damages, to include the disgorgement of profits made by the Defendants, and treble damages, together with attorney's fees and costs and any such other and further relief as the Court may deem proper.

## COUNT III

58.    Plaintiff realleges paragraphs 1-40 above and further alleges:

59.    This is an action for damages pursuant to 15 U.S.C.A. §1125(a).

60.    The Plaintiff is the owner of a valid trademark and/or has developed rights to the mark "The Shaker Bar" through use in commerce and is entitled to protection under the Lanham Act.

61.    Defendants' use of the mark "The Shaka Bar" is intended to mislead and is likely to mislead customers into believing that the bar facility operated by the Defendants is the same entity as the bar facility operated by the Plaintiff.

62.    The bar facility operated by the Defendant does not offer the same quality or range of food and beverage services as the Plaintiff.  For instance, the Defendant does not serve the original "Bushwacker" using the traditional recipe, is not open year-round and does not offer live entertainment.  Unlike the Plaintiff, the Defendants have elected to operate a small bar with limited offerings. The result is that Defendants are offering a service and products which are inferior to the experience the consumer would receive at the Plaintiffs facility and not consistent with the Plaintiff's advertisement and reputation.

63.    Defendants conduct constitutes false designation of origin and a false or misleading representation of fact.

64.    Plaintiff has been and continues to be damaged by the conduct of the Defendants.

**WHEREFORE**, Plaintiff hereby requests judgment against Defendants for damages, to include the disgorgement of profits made by the Defendants, and treble damages, together with attorney's fees and costs and any such other and further relief as the Court may deem proper.

## <u>COUNT IV</u>

65.    Plaintiff realleges paragraphs 1-40 above and further alleges:

66.    This is an action for damages for unfair and deceptive trade practices of the Defendant pursuant to §501.201, Florida Statutes.

67.    Defendants have intentionally engaged in unfair methods of competition, false advertising, unfair or deceptive acts or practices and unconscionable acts in the conduct of trade or commerce.

68. Plaintiff has suffered damages, to include the loss of events, customers and the resulting revenues and a loss of goodwill and business relationships resulting from the acts of the Defendants.

**WHEREFORE**, Plaintiff requests judgment against Defendants for damages, to include the disgorgement of profits made by the Defendants,

together with attorney's fees and costs of suit pursuant to Section 501.201, et seq., Florida Statutes and such other and further relief as the court may deem proper.

## COUNT V

69.    Plaintiff realleges paragraphs 1-40 above and further alleges:

70.    This is an action for Tortious Interference with Business Relationships by the Defendants of the Plaintiff's long-established package lounge and bar.

71.    Plaintiff has established business relationships with its customers, to include local charity and community groups who desire to host events at the business of the Plaintiffs. The Defendants each knew of these relationships.

72.    The business existence of the Plaintiff depends on the goodwill of its name and reputation in the public as well as an identity to the logos and trademarks developed by the Plaintiff.

73.    The Defendants have committed an intentional and unjustified interference with the business relationships of the Plaintiff.

**WHEREFORE**, Plaintiff hereby requests judgment against Defendants for damages, to include the disgorgement of profits made by the Defendants, together with attorney's fees and costs of suit and such other

and further relief as the court may deem proper.

## COUNT VI

74.     Plaintiff realleges paragraphs 1-40 above and further alleges:

75.     This is an action for defamation.

76.     The Defendants have published or have caused to be published defamatory statements about the Plaintiff and its officers and directors.

77.     The Defendants have promoted the publication of these false statements by hosting a Facebook forum entitled "Defend the Shaka Bar" and directing its patrons, friends and the general public to make public comment.

78.     Pursuant to Florida Statute §770, *et seq*., Plaintiff sent the Defendants notice and a request to cease making false statements, remove their damaging statements from their marquee, their Facebook page and all other forms of social media. Despite the notice and request, Defendants continue to publish the same as well as seek publication of libelous statement by patrons to their own social media accounts.  See, **Exhibits D and F.**

**WHEREFORE**, Plaintiff hereby requests judgment against Defendants for damages, to include a public apology and/or retraction pursuant to Florida Statute §770, *et seq*., together with attorney's fees and

costs and any such other and further relief as the court may deem proper.

## COUNT VII

79.     Plaintiff realleges paragraphs 1-40,43-49, 52-57, 67-68, 71-73, 76-78, above and further alleges:

80.     This is an action to enjoin infringement of a trademark pursuant to 15 U.S.C.A. §1125(c), prevent the further dilution of marks that are famous and owned by the Plaintiff pursuant to §495.151, Florida Statutes and prohibit a continuing unfair and deceptive trade practice pursuant to §501.211, Florida Statutes.

81.     If Defendant is permitted to continue to use the name "The Shaka Bar" as a trade name, with the associated trade dress and logo, the public will be defrauded, deceived, and confused, and my attend the bar in the belief that they are patronizing Plaintiff's bar.

82.     Unless restrained from operating the bar, Defendant's continued use of the trade name, trade dress and logo will result in direct and irreparable damage to Plaintiffs in that it will lose the benefit of its advertising and goodwill, and will lose large sums of money in diverted revenues. As long as the trade name is continued to be used by Defendant, the public will continue to be confused and Plaintiff will continue to sustain a monetary loss.

83.    Unless restrained, Plaintiff will be irreparably harmed by the conducting of the bar by the Defendants which has public association with the Plaintiff's bar.

84.    Unless restrained, the acts of the Defendants in promoting the defamation and slander of the Plaintiff, its officers and directors will continue.

**WHEREFORE**, Plaintiff requests a preliminary injunction and pending a final judgment in this action, and thereafter a permanent injunction, enjoining Defendant and Defendant's agents and employees from:

a. Advertising and operating a bar known as "The Shaka Bar" or using trade dress, or a logo associated with such a bar which is substantially similar to the Plaintiff's bar;

b. Advertising directly or indirectly under such name or any other simulation of Plaintiffs' trade name, trade dress or logo;

c.  granting such other and further relief as this Court deems necessary and appropriate.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE**

*Robert O. Beasley*
**ROBERT O. BEASLEY**
FL Bar Number 0148512
**rob@lawpensacola.com**
**PHILLIP A. PUGH**
FL Bar Number 0505501
pap@lawpensacola.com
**DEWITT D. CLARK**
FL Bar Number 0121798
dclark@lawpensacola.com
**LITVAK, BEASLEY WILSON & BALL, LLP**
226 East Government Street
Pensacola, Florida 32502
Telephone: (850) 432-9818

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2017, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a copy of the Notice of Electronic Filing to the following: **David W. Henry, Esquire,** Marshall, Dennehey, Warner, Coleman & Goggin, P.A., 315 E. Robinson Street, Suite 550, Orlando, FL 32801, **dwhenry@mdwcg.com**; **Michael K. Kiernan, Esquire and Ashley R. Kellgren, Esquire**, Traub Lieberman Straus & Shrewsberry, First Central Tower, 360 Central Ave., Suite 1000, St. Petersburg, FL 33701, **mkiernan@traublieberman.com; akellgren@traublieberman.com**.

/s/ *Robert O. Beasley*
ROBERT O. BEASLEY