IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SANDSHAKER LOUNGE & PACKAGE STORE, LLC,
a Florida limited liability company,

    Plaintiff,                             CASE NO.:  3:17-cv-686

v.

RKR BEVERAGE, INC., a Florida corporation,
ALOHA SCREEN PRINTING, LLC, CHAD
K. ROBELLO, and RODNEY L. ROBELLO,

    Defendants.
_____/

## RENEWED MOTION TO STAY PROCEEDINGS PENDING AWARD AND PAYMENT OF COSTS FOR VOLUNTARILY DISMISSED STATE COURT ACTION

Pursuant to Rule 41(d), Defendants RKR Beverage, Inc. and Chad Robello move this Court for an order staying the instant proceedings pending the award and payment of fees and costs incurred by RKR Beverage and Robello in a previously voluntarily dismissed state court action between the same parties or privies involving substantially similar causes of action and in support of its Motion offers the Court the following facts and authorities:

Factual Background

This renewed Motion for Stay largely duplicates the motion at Dkt #19 which was rendered moot by Court Order [Dkt #31] following service of the Amended Complaint [Dkt #33]. Sandshaker Lounge & Package Store previously commenced trademark litigation in state court against Defendants RKR Beverage and Chad ("Kaipo") Robello.  See Request for Judicial Notice of the Related State Court Proceedings in connection with *Sandshaker Lounge & Package Store, LLC v RKR Beverage, Inc*., Case No. 15-CA- 001969, Escambia County Circuit Court [DKT #15].

The initial claims asserted by Sandshaker Lounge against RKR and Robello in state court included trademark dilution under Chapter 495 Florida Statutes, unfair competition and injunctive relief. [Dkt #15].  The instant federal litigation includes theories of trademark infringement, violation of the Florida Deceptive Unfair Trade Practice Act (FDUTPA) and adds two common law theories not asserted in the state court action: tortious interference and defamation. Dilution under Chapter 495 was pled in this action initially but was a theory omitted from the Amended Complaint herein.

The state court litigation was voluntarily dismissed on September 15, 2017, after two years of litigation and after a pre-trial scheduling order had

been entered. See Ex. 3, Request for Judicial Notice [Dkt #15]. The voluntary dismissal came two years after suit was filed and six months before a pre-trial conference scheduled for April 24, 2018 with trial set for April 30, 2018 unless otherwise ordered in Escambia County Circuit Court. Additional defendants Aloha Screen Printing, Inc and Rodney Robello were added as Defendants in the federal action but were not named Defendants in state court.

Prior to the voluntary dismissal in state court Defendants RKR and Chad Robello incurred approximately $73,164.00 in attorney's fees and potentially recoverable costs estimated at $3000.00[1] for total approximate expenses in the voluntarily dismissed state court action of $75,164.00. Additionally the Defendants were previously represented by Jeremy Banning of the Clark Partington law firm which incurred $19,728.50 in attorney's fees and costs prior to the change in attorneys. As of the date of this motion no resolution of the fees and costs has been achieved by the adverse parties. As stated below, this Motion seeks only an order of entitlement to attorney's fees and costs under Rule 41(d) in an amount to be determined by affidavit or hearing if disputed.

---

[1] The client and counsel are endeavoring to determine which of the costs will be claimed as recoverable consistent with local rules and case-law.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 41(d) provides that if a Plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same Defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the Plaintiff has complied. The Rule is applicable even when the initial voluntary dismissal is taken in state court and the subsequent action is filed in Federal Court.  See *American Cynamid Company v. McGhee,* 317 F.2d 295, 298 (5th Cir. 1963).  Rule 41(d) promotes the inexpensive determination of every action by deterring Plaintiffs from changing forums during litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources.  *Cadle Company v. Buery,* 242 F.R.D. 695, 698 (S.D. Ga. 2007).  The Northern District recognizes that payment of attorney's fees is appropriate to deter unnecessary and vexatious litigation but proof of bad faith or vexatiousness is not a prerequisite to recovery of attorney's fees under Rule 41(d). *Reserve Place, LLC v Regions Bank*, 2010 U.S. Dist. LEXIS 129573 (N.D. Fla. 2010); *Russell-Brown v Jerry II*, 270 F.R.D. 654, 660 (N.D. Fla. 2010) (subsequently vacated by Stipulation for Entry of

Judgment and Injunction); see also *HControl Holdings, LLC v Bright House Networks*, LLC, 2017 U.S. Dist. LEXIS 21078 (M.D. Fla. 2017).

There was no compelling reason for the Plaintiff to dismiss the state court action particularly where a pre-trial was set for April 2018 [Req. for Judicial Notice, Dkt #15] and dispositive motions were due to be served and anticipated by Defendants. The Court may require payment of all litigation related expenses incurred by the Defendant, including reasonable attorney's fees. *Reserve Place, LLC, supra; American Cynamid Company, supra; Rogers v. Walmart Stores, Inc.,* 230 F.3d 868, 874 (6th Cir. 2000) (citations omitted). This action was unnecessary. The Plaintiff was not precluded from timely amending the complaint in state court to include infringement claims (Lanham Act claims are cognizable in state court) nor was Plaintiff barred from joinder of additional parties before the pleading deadline. The state court had occasion to hold an all day hearing on the motion for preliminary injunction, entertained case management hearings, discovery motions and issued orders to compel. [Dkt #15] The federal litigation was wholly unnecessary and was meant only to harass the Defendant after settlement discussions failed for reasons that defy logic.

Additionally RKR Beverage had moved to stay the state court litigation pending resolution of the Cancellation proceeding. See Request

for Judicial Notice of Cancellation Proceedings [Dkt #16]. The stay of the state court litigation had been denied in the state court. The Plaintiff's sharp practice now highlights the inequity of the present situation. The belated filing of this action asserting a registered mark risks inconsistent rulings as the cancellation of the registered mark in the Cancellation proceeding [Dkt 16] clearly affects the Plaintiff's burden of proof in the instant litigation. Notably the cancellation proceeding still remains pending in the TTAB because of a Motion for Sanctions directed to the Plaintiff flowing from their apparent unwillingness to engage in discovery required in the Cancellation proceedings. [See Motion for Sanctions, Dkt #16]. At the time of filing this action the TTAB had ordered that the deadlines in the Cancellation proceeding be suspended pending resolution of the Motion for Sanctions, triggered by Plaintiff's discovery violations. See Motion for Sanctions, Ex. 3 included within the Request for Judicial Notice of TTAB Cancellation Proceedings [Dkt #16].

One surmises the Plaintiff strategically erred in pleading the case as one for dilution in state court under Chapter 495, made the same allegations initially in this forum and only after service of the first Motion to Stay Proceedings under Rule 41(d) and Motion to Dismiss did the Plaintiff amend to eliminate the challenged Chapter 495 state dilution claim.

No doubt the Plaintiff will attempt to argue that the absence of the omission of the Chapter 495 dilution claim, the addition of infringement claims in this suit and joinder of new defendants renders the two actions different so that there is no basis for requiring payment of fees and costs at the outset of this litigation. The state action and the present case were and are efforts to abate an alleged wrongful use of a substantially similar mark and seeks injunctive relief on monetary damages flowing from the unfair competition. Common law unfair competition essentially mirrors Lanham Act protections.  The fact that the state court action included a state dilution claim under Chapter 495 that was omitted from the Amended Complaint herein does not mean that the present action and state claim are "markedly different". *Paylan v Teitelbaum*, 2016 U.S. Dist. LEXIS 34555 (N.D. Fla. 2016)(Plaintiff's claims in this case are for violation of her civil rights – a claim not brought in the state court action). Rule 41(d) provides for payment of costs if a Plaintiff who previously dismissed an action in any court files an action based on or include the same claim against the same defendant. The material facts alleged to support the dilution claim in the original complaint filed herein and the facts underlying infringement allegations are the same. Both the previously dismissed action and this action share the same claim - common law unfair competition based on

allegedly unlawful use of a substantially similar mark and claims for injunctive relief and damages. The mere addition of one or more new defendants or a new claim or two does not prevent the application of Rule 41(d) so long as there are claims in the new case that arise from the same nucleus of operative facts such that the new case can be said to be based on or including previously brought and dismissed claims. *Bagley v Tucker,* 2013 U.S. Dist. LEXIS 65517 at *9 (N.D. Fla. 2013) (citations omitted); *Reserve Place, LLC v. Regions Bank*, 3:10cv364, 2010 U.S. Dist. LEXIS 129573, 2010 WL 4854542, at *2 (N.D. Fla. Nov. 23, 2010) (staying the case until costs were determined and paid).  Aloha Screen Printing is owned by the Robellos. It is alleged to have printed shirts and other materials for RKR Beverage. All of the Defendants are in privity and related.

    The factors to consider in determining the appropriate amount of fees to award include: (1) the costs incurred by the moving party on dispositive motions; (2) the preclusive effect of the moving party's successes in state court, if any, on matters both dispositive and non-dispositive, that may have been eliminated by the non-moving party's non-suit; and (3) the expense of relitigating issues that might be mitigated by recyclable legal work from the original case in state court. Other factors that have been cited as relevant

to this type of analysis are the amount of time the previous case was litigated before dismissal and the relative evidence of "bad faith" or "abuse of the judicial process." *Shaker Villages Condo. Ass'n v Certain Underwriters at Lloyds, London*, 2009 U.S. Dist. LEXIS 78657 at *6 (S. D. Fla. 2009) citing *Fin. Bus. Equip. Solutions, Inc. v. Quality Data Sys., Inc.,* 2009 U.S. Dist. LEXIS 47551, 2009 WL 1423931, at *2 (S.D. Fla. 2009) (citing *Pafumi v. Davidson,* 2008 U.S. Dist. LEXIS 67036, 2008 WL 4084418 (S.D. Fla. 2008)).

The Plaintiffs are litigating unnecessarily in this forum and their intransigence in the Cancellation proceedings has delayed resolution of the TTAB proceedings [Dkt #16].  The course of conduct and abuse of the court system is simply unjustified and vexatious. This is a trademark action as was the state claim. Rule 41(d) does not require an identity of legal theories or parties. The inclusion of thinly provisioned common law defamation and tortious interference claims yet to survive a Rule 12(b) motion does not insulate the Plaintiff from exposure to some or all of the fees previously incurred for previously dismissing essentially the same claims.  In *Horowitz v. 148 South Emerson Assocs., LLC,* 2016 U.S. Dist. LEXIS 185189, (E.D. N.Y. 2016) the court granted a Rule 41 motion for stay and required payment of fees where in the Georgia state action

Montauk sought to compel Associates to cease using the "Sloppy Tuna" Marks and to remove the "Sloppy Tuna" Marks from all "signs, colors or décor." In the later action, Montauk similarly sought injunctive relief restraining Associates from using the "Sloppy Tuna" Marks and compelling Associates "to recall any and all infringing goods and any other packaging, containers, advertising or promotional material or other matter that displayed the [Sloppy Tuna] Trademarks . . . ."  As not in *Horowitz*, costs are most often imposed in circumstances such as those existing here; *i.e.*, where the plaintiff has brought an identical, or nearly identical, claim and requested identical, or nearly identical, relief.  *Horowitz* at * 40 citing *Gordon v Kaleida Health*,  2012 U.S. Dist. LEXIS 75926, 2012 WL 1965671, at * 1 (W.D. N.Y. 2012) (quotations and citation omitted). All of the theories asserted here could have been more expeditiously filed in the state court case heading for trial in April 2018.

    Fees have been awarded under 41(d) in other cases where Lanham Act claims were asserted in the first and then subsequent litigation. *Platinum Logistics, Inc. v Platinum Cargo Logistics, Inc.*, 2015 U.S. Dist. LEXIS 188333 * 14 (S. D. Cal. 2015) (" Plaintiff provides no coherent explanation for this sequence of events" that would reveal it to be anything other than tactical maneuvering in a misguided effort to obtain a "do over"

[of the previously filed Lanham act claim]).

The Shaka Bar first opened under a seasonal permit in June 2013.. It makes little sense for a Plaintiff allegedly harmed by continual infringement since 2013 to voluntarily dismiss in state court and re-file substantially similar claims after denial of a preliminary injunction in state court, a declared impasse at mediation, three years of litigation and issuance of a pretrial order.  The dismissal came on the eve of expert disclosure and pre-trial deadlines in anticipation of an April 2018 trial date. Defendants RKR Beverage and Chad Robello seek an order:

   1) determining entitlement to attorney's fees and costs to be determined under Rule 41(d) and assuming entitlement is granted,

   2)  then an order requiring a good faith conference to resolve the amounts owed, and

   3) failing agreement then an evidentiary hearing to establish the reasonableness of the attorney's fees and costs if disputed.

Movant also requests the Court determine whether independent expert affidavits or testimony as to the reasonableness of the fees and rates is legally required in this forum or whether defense counsel's testimony as to reasonableness is sufficient standing alone without independent corroboration.

## CERTIFICATE OF GOOD FAITH

Pursuant to NDLR, the undersigned certifies that he made good faith efforts under Rule 7.1(B) to resolve the matter with attorney Robert Beasley prior to the service of this motion but the parties have not been able to resolve the issue of entitlement to fees and costs as sought in the motion as a condition of prosecution of the case.

## CERTIFICATE OF WORD LIMIT

Pursuant to NDLR 7.1(F) the undersigned certifies that the word processing system reflects 2,558 words inclusive of heading, footnotes and quotations.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.A.

By: /s/ David W. Henry
DAVID W. HENRY, ESQUIRE
Florida Bar No.: 765082
Landmark Center One
315 E. Robinson Street, Suite 550
Orlando, FL 32801-2719
Telephone: 407-420-4380
Telecopier: 407-839-3008
E-mail: dwhenry@mdwcg.com
       jataylor@mdwcg.com
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 21, 2017, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a copy of the Notice of Electronic Filing to the following: **Robert O. Beasley, Esquire**, Litvak, Beasley, Wilson & Ball, LLP, 226 East Government Street, Pensacola, FL 32502, **rob@lawpensacola.com; joy@lawpensacola.com**; and **Michael K. Kiernan, Esquire and Ashley K. Kellgren, Esquire,** Traub Lieberman Straus & Shrewsberry, LLP, First Central Tower, 360 Central Ave., Suite 1000, St. Petersburg, FL 33701, **mkiernan@traublieberman.com; akellgren@traublieberman.com**.

/s/ David W. Henry  
Attorney for Defendants

LEGAL/113974593.v1