# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**SANDSHAKER LOUNGE &**
**PACKAGE STORE LLC,**

    Plaintiffs,

v.                         CASE NO. 3:17cv686-MCR/CJK

**RKR BEVERAGE INC, et al.,**

    Defendants.
_____/

## ORDER

Pending before the Court is a Renewed Motion to Stay Proceedings Pending Award and Payment of Costs for Voluntarily Dismissed State Court Action, ECF No. 36, as well as a Renewed Motion for Attorney's Fees, ECF No. 41, filed by Defendants RKR Beverage, Inc. ("RKR") and Chad Robello ("C. Robello").[1] Having fully considered the matter, the motion for costs and to stay will be granted but the motion for fees as prevailing party will be denied.

---

[1] Also pending are Motions to Dismiss the Amended Complaint, ECF Nos. 42, 43, which will be addressed by subsequent order.

CASE NO. 3:17cv686-MCR/CJK

**Background**

In this trademark infringement case, Plaintiff Sandshaker Lounge & Package Store, LLC ("Sandshaker") claims that use of the mark "Shaka" by Defendants RKR, Chad Robello, Aloha Screen Printing LLC ("Aloha"), and Rodney Robello violates federal trademark law and various provisions of state law.  Previously, Sandshaker had asserted a trademark dilution claim in a separate state court suit against only RKR and C. Robello.  Sandshaker voluntarily dismissed that suit without prejudice after the suit had been pending for nearly two years.[2]

Because the original Complaint in this subsequently filed federal suit included a state law trademark dilution claim—the same dilution claim that Sandshaker had previously filed in state court against RKR and C. Robello and voluntarily dismissed—Defendants RKR and C. Robello requested an award of the attorney's fees and costs they incurred in defending the prior state court action.  *See* Fed. R. Civ. P. 41(d)(1) (providing for an award of costs of a previous action if a plaintiff

---

[2] Sandshaker's state court suit included causes of action for trademark dilution under Chapter 495 of the Florida Statutes, as well as unfair competition under Fla. Stat. § 501.201, *et seq.* and a request for injunctive relief to preclude RKR and Chad Robello from using the mark "Shaka Bar."  Sandshaker voluntarily dismissed the state suit after two years of litigation.  By that time, the state court had entered a pretrial scheduling order, and a pretrial conference was scheduled for April 24, 2018.  *See* ECF No. 15.  Throughout that time, trademark cancellation proceedings were also pending before the Trademark Trial and Appeal Board, and those proceedings remain ongoing.  *See* ECF No. 16.

CASE NO. 3:17cv686-MCR/CJK

who previously voluntarily dismissed suit files suit again "based on or including the same claim against the same defendant"). They also moved to stay this case until those fees are paid. Fed. R. Civ. P. 41(d)(2) (stating the court may stay the proceedings pending compliance). In response, Sandshaker filed a notice of voluntary dismissal of the dilution claim asserted in Count IV, and RKR and C. Robello filed a motion for attorney's fees as prevailing party on the now twice dismissed dilution claim. The Court ruled that a voluntary dismissal of only one count is procedurally improper and required Sandshaker to file a motion to amend. The Court also required the parties to confer regarding the pending motion to stay and the request for attorney's fees in light of Sandshaker's intent to drop the dilution count. After conferring, the parties notified the Court that they were unable to reach an agreement on the merits of the motions for sanctions and attorney's fees but agreed that Sandshaker would file a motion to amend and that an amended complaint might render moot RKR and C. Robello's motions unless reasserted.

Subsequently, Sandshaker filed an agreed motion to amend, which was granted, and the First Amended Complaint, which omitted the dilution claim, became the operative pleading. ECF No. 33. The claims of Counts I and II are federal trademark infringement claims under 15 U.S.C. § 1114, alleging market

confusion because the marks are substantially similar and seeking disgorgement of profits and treble damages.  Count III seeks damages for trademark protection under 15 U.S.C. § 1125(a), asserting that Defendants' conduct constitutes a false origin or misleading representation of fact. Count IV alleges that all Defendants engaged in unfair and deceptive trade practices and false advertising in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201.  Count V alleges intentional interference with Sandshaker's business relationships; Count VI alleges defamation; and Count VII requests injunctive relief to prevent "the further dilution of marks" owned by Sandshaker, citing Fla. Stat. § 495.151, and to prohibit a continuing unfair and deceptive trade practice pursuant to Fla. Stat. § 501.211.

RKR and C. Robello then filed a Renewed Motion to Stay, seeking an award of attorney's fees as a sanction for Sandshaker's refiling of an action based on the same claims that were voluntarily dismissed in state court. *See* Fed. R. Civ. P. 41(d). They also filed a Renewed Motion for Attorney's Fees Under Count IV of the original complaint, requesting fees as prevailing parties, *see* Fla. Stat. 495.141(1), on grounds that Sandshaker has now twice voluntarily dismissed the state dilution claim. *See* Fed. R. Civ. P. 41(a)(1)(B) (noting the effect of voluntarily dismissing

the same claim for a second time is that the dismissal then operates as an adjudication on the merits). Sandshaker opposes the motions, arguing that the underlying facts and claims in this suit are not the same as the previously dismissed state court suit and that Defendants are not prevailing parties on the dilution claim.

**Discussion**

Rule 41(d) provides that if a plaintiff who voluntarily dismissed an action files a subsequent action "based on or including the same claim against the same defendant," it is within the court's discretion to order the plaintiff to pay all or part of the costs incurred in defending the previous action and to stay the current action until the sum has been paid.[3] Fed. R. Civ. P. 41(d). Because Rule 41(d) applies to a plaintiff who previously dismissed a case "in any court," the second suit does not have to be refiled in the same venue to be subject to the rule. *See Russell–Brown v. Jerry, II,* 270 F.R.D. 654, 660 (N.D. Fla. 2010). Also, "the mere addition of a defendant or a new claim or two does not prevent the application of Rule 41(d) so

---

[3] Specifically, Rule 41(d) provides:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same defendant, the court:
    (1) may order the plaintiff to pay all or part of the costs of that previous action; and
    (2) may stay the proceedings until the plaintiff has complied.

CASE NO. 3:17cv686-MCR/CJK

long as there are claims in the new case that arise from the same nucleus of operative facts such that the new case can be said to be 'based on or including' previously brought and dismissed claims." *Id.* (quoting Rule 41(d)). Courts have observed that Rule 41(d) is intended "to deter plaintiffs from 'wasting litigant expenses and judicial resources,' and from engaging in 'forum shopping and vexatious litigation.'" *HControl Holdings, LLC v. Bright House Networks, LLC*, No. 8:13-CV-39-T-AAS, 2017 WL 625314, at *2 (M.D. Fla. Feb. 15, 2017) (citation omitted) (quoting *Groom v. Bank of Am.*, No. 8:08–CV–2567–T–27EAJ, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010)). The rule "is also intended to prevent attempts to gain any tactical advantage by dismissing and refiling the suit." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (internal quotations omitted). However, courts are divided as to whether a showing of "bad faith" is necessary to award costs. *Compare id.* (stating "nothing in the language of Rule 41(d)" requires a showing of "bad faith" before the court may order payment of costs (internal quotations omitted)), *with Shaker Village Condo. Assoc., Inc., v. Certain Underwriters at Lloyd's*, No. 08-61935-CIV, 2009 WL 2835185 (S.D. Fla. 2009) (finding it appropriate to award attorney's fees under Rule 41(d) "only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the previously dismissed suit in bad

CASE NO. 3:17cv686-MCR/CJK

faith"). The award of costs under Rule 41(d) "is completely discretionary," and a court may refuse to impose costs under Rule 41(d) if it appears there was a good reason for the prior dismissal or if the plaintiff is unable to pay the costs. 9 The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Benjamin Spencer, Adam N. Steinman, Federal Practice and Procedure § 2375 (3d ed.).

In this case, Count I of Sandshaker's state law complaint sought damages for trademark dilution under state law, and the same claim was asserted originally in this suit as Count IV, but Sandshaker filed the First Amended Complaint and thereby dropped the dilution claim from this case before an answer was filed. Thus, the dilution claim is not considered a basis of this suit. Also, as defense counsel argued before the state court, the state dilution claim is not the same cause of action as a federal trademark infringement claim. Nonetheless, the claims asserted in this suit against RKR and C. Robello all are based on the "same nucleus of operative fact," that is, the Defendants' use of the mark "Shaka." *See Russell-Brown*, 270 F.R.D. at 660.

Moreover, Count IV of the First Amended Complaint alleging unfair and deceptive trade practices pursuant to Fla. Stats. § 501.201 is the same claim alleged

CASE NO. 3:17cv686-MCR/CJK

in Count II of the voluntarily dismissed state court complaint against RKR and C. Robello. Additionally, in this suit, Count VII of the First Amended Complaint, which requests injunctive relief "to prevent further dilution" pursuant to § 495.151 and to prevent deceptive trade practices under Fla. Stat. 501.211, is "based on" the same dilution and deceptive practices claims as was Count III of the previously dismissed state court complaint. Sandshaker has not identified any good reason for voluntarily dismissing the state court case after two years of litigation and argues only that this is not the *same* cause of action because it includes additional claims and defendants. But the fact that these claims are now also asserted against two additional Defendants and new claims have been added does not preclude a finding that this subsequent suit is "based on or include[s] the same claim against the same defendant[s]," i.e., RKR and C. Robello. See Fed. R. Civ. P. 41(d). Additionally, there is no indication that Sandshaker is unable to pay. *Cf. Saunders v. Eslinger*, No. 6:11-CV-1591-31KRS, 2012 WL 6212882, at *2 (M.D. Fla. Dec. 13, 2012) (finding, "Plaintiff's indigent status weighs against the award of attorneys' fees"). Therefore, the Court finds that RKR and C. Robello should be awarded all or part of the costs incurred in the previously dismissed action, pursuant to Rule 41(d)(1).

CASE NO. 3:17cv686-MCR/CJK

In determining the proper award under Rule 41(d), some courts have included attorney's fees as costs, *see Moss v. Saks Fifth Ave.*, No. 2:06CV668 FTM29SPC, 2007 WL 1141510, at *3 n.1 (M.D. Fla. Apr. 17, 2007) (noting that attorney's fees may be awarded under Rule 41(d)); *Cadle Co. v. Beury*, 242 F.R.D. 695, 697–99 (S.D. Ga. 2007) (same), while others have found that the word "costs" does not include attorney's fees because "the rule does not explicitly provide for them," *Rodgers*, 230 F.3d at 874. *Cf. Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000) ("attorneys' fees are not a recoverable cost of litigation under Rule 41(d) unless the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs"). The Eleventh Circuit has not yet addressed the issue. *See NF Imp. & Exp., Inc. v. VIA Mat Int'l AG,* No. 11-23371-CIV, 2012 WL 13013078, at **4-6 (S.D. Fla. Aug. 3, 2012) (recognizing the Eleventh Circuit has not addressed it and also noting the split in authority on the availability of attorney's fees as costs under Rule 41(d))*, report and recommendation adopted*, No. 11-23371-CIV, 2012 WL 13013236 (S.D. Fla. Sept. 25, 2012). The Southern District of Georgia in *Cadle Co.*, however, has offered a thorough analysis of the language of Rule 41(d). 242 F.R.D. at 698. The court considered the rule in the context of comparable rules discussing costs, i.e., Rule 68 and Rule 54(d); discussed the Sixth

Circuit's *Rogers* case, and also reviewed Supreme Court precedent construing the offer of judgment rule on "costs" to include "all costs properly awardable under the relevant substantive statute or other authority." *Id.* (quoting *Marek v. Chesny*, 473 U.S. 1, 9 (1985)).  The court in *Cadle Co.* determined that interpreting "costs" to exclude attorney's fees would render the rule "a dead letter, eliminating any deterrence it would provide," and thus concluded that the word "costs" in this context includes attorney's fees, or alternatively, the term is ambiguous and affords discretion to award attorney's fees as part of costs to secure a "just, speedy, and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch."  *Id.* at 698-99.

The Court finds this reasoning persuasive and notes that other court's in this Circuit have allowed an award of attorney's fees under Rule 41(d).  *See Reserve Place, LLC v. Regions Bank*, No. 3:10-CV-364 RS-MD, 2010 WL 4854542, at *1 (N.D. Fla. Nov. 23, 2010) (noting, "district courts in our Circuit have allowed for the payment of attorneys' fees" under Rule 41(d)).  Relevant factors the Court will consider in determining the amount of the award include:

> (1) the costs incurred by the moving party on dispositive motions; (2) the preclusive effect of the moving party's successes in state court, if any, on matters both dispositive and non-dispositive, that may have been eliminated by the non-moving party's non-suit; and (3) the

CASE NO. 3:17cv686-MCR/CJK

>expense of relitigating issues that might be mitigated by recyclable legal work from the original case in state court.

*Id.* at *2 (staying the case until the costs were determined and paid). The parties must first confer and attempt to reach an agreement as to a reasonable award based on these factors. If no agreement is reached, the parties must file responsive memoranda addressing the above-listed factors and documenting the costs claimed. The case will be stayed until the costs are determined and paid.

By separate motion, RKR and C. Robello contend they are entitled to prevailing party fees in this case on the state law dilution claim because it was twice dismissed. The Court disagrees. Pursuant to Rule 41(a)(1)(B), the effect of a second voluntary dismissal when a plaintiff previously voluntarily dismissed a state-court action "based on or including the same claim" is that the subsequent "notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Here, although Sandshaker initially filed the same state law dilution claim in this case that had been voluntarily dismissed in the state court suit, the Court determined that the attempted Rule 41 voluntary dismissal of only one count was procedurally improper. Sandshaker was instead required to amend the complaint, and the First Amended Complaint does not include a state law dilution claim. Therefore, the

attempted voluntary dismissal does not operate as an adjudication on the merits for prevailing party status.

Accordingly:

1. RKR and C. Robello's Renewed Motion to Stay Proceedings Pending Award and Payment of Costs for Voluntarily Dismissed State Court Action, ECF No. 36, is **GRANTED** as follows:

   a. RKR and C. Robello are entitled to an award of costs in an amount yet to be determined. The parties are directed to confer within fourteen (14) days as to a reasonable amount of costs, inclusive of attorney's fees, and file a notice with the Court as to whether the matter has been resolved.

   b. If no agreement is reached, RKR and C. Robello have until **March 27, 2018**, to file a motion to determine the amount due with a memorandum of law addressing the factors of *Reserve Place*, listed above, accompanied by a detailed declaration of fees incurred in the state action and an independent attorney's declaration of the reasonableness of time and rates, as required by the Court's local rules, N.D. Fla. Loc. R. 54.1(E).

   c. Sandshaker must file a responsive memorandum, not later than **April 27, 2018**.

CASE NO. 3:17cv686-MCR/CJK

...

Page 13 of 13

    d.    If a motion for a determination of the amount of attorney's fees is filed, the Clerk is directed to refer the motion, the response, and all supportive documentation to Magistrate Judge Kahn for final determination of the amount of the award, pursuant to pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.  *See also* N.D. Fla. Loc. R. 72.3; 28 U.S.C. § 636(b)(1)(A).

    e.    The case is **STAYED** until the costs are determined and paid. Sandshaker is directed to promptly notify the Court when the matter has been fully resolved and to request that the stay be lifted.

2.    RKR and C. Robello's Renewed Motion for Attorney's Fees, ECF No. 41, is **DENIED**.

**DONE AND ORDERED** this 28th day of February 2018.

*M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**

CASE NO. 3:17cv686-MCR/CJK